# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FT. MYERS DIVISION

**SCHOOL BOARD OF LEE COUNTY,**
**FLORIDA,**

        **Plaintiff,**

**vs.**                                    **Case No.  2:06-cv-198-FtM-29DNF**

**E.S., individually and on behalf of  B.S., a**
**minor,**

    **Defendants.**
_____/

**E.S., individually, and on behalf of B.S., a**
**minor,**

    **Third Party Plaintiffs,**

**vs.**

**TERRY ANDREWS, individually, and**
**ELAINE FORD, individually,**

    **Third Party Defendants.**
_____/
**-vs-**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration on the following motion filed herein:

| MOTION: | MOTION FOR ATTORNEY'S FEES AND COSTS (Doc. No. 62) |
|---|---|
| FILED: | April 9, 2008 |

THEREON it is RECOMMENDED that the motion be GRANTED in part and DENIED in part.

The Defendants/Third Party Plaintiffs E.S. individually, and on behalf of B.S. ("Defendants") are requesting an award of attorney's fees and costs as the prevailing party against the Plaintiff, School Board of Lee County, Florida ("School Board"). The School Board filed a Response (Doc. 69) opposing the amount of fees requested, opposing the award of prejudgment interest, and opposing the amount of taxable costs. This matter was referred by Order (Doc. 70) entered by the Honorable John E. Steele, United States District Judge for a Report and Recommendation.

**I. Background**

The parties in this case have a long history of litigation regarding the issues of educating B.S. ("the Child"). In 2000, the Child and Parent filed a prior action, Case No. 2:00-cv-60-FtM-29 DNF asking for review of a Final Order entered by a different Administrative Law Judge. The main issues in the prior case were the development of an appropriate individual educational plan and the placement of the Child. This Court recommended that the Child be placed in a residential program which would allow him to obtain educational benefit. The District Court adopted the Report and Recommendation by Order (Doc. 90 in Case No. 2:00-cv-60-FtM-29DNF) on September 10, 2002, with supplementation and required the School Board to place the child in a residential program. On October

28, 2003, the Eleventh Circuit affirmed the District Court's decision regarding placement in a residential facility. (See, Doc. 141 in Case No. 2:00-cv-60-FtM-29DNF).

In the instant case, the same issue regarding placement of the Child was raised. The Administrative Law Judge ("ALJ") entered a Final Order on March 17, 2006,[1] and found the following:

> The challenged IEP is not reasonably calculated to provide Petitioner [the Child] with FAPE and does not adequately address Petitioner's unique educational needs. Placement of Petitioner in DMS [Diplomat Middle School] pursuant to the challenged IEP is inappropriate, and continued placement in Heartspring is appropriate.

(Final Order, p. 33). The Final Order entered by the ALJ was not appealed. The School Board filed its Complaint on April 12, 2006, contending that it was adversely affected by certain portions of the Final Order dated March 17, 2006, and sought a *de novo* review of the Final Order. The Defendants, filed a Counterclaim and Third Party Complaint (Doc. 11) pursuant to the IDEA, the related Florida Statutes, and the civil rights statutes. The Parent and Child claim that the Child was denied a free and appropriate public education ("FAPE") which violates the IDEA and Florida Statutes, and that Third-Party Defendants Terry Andrews, Elaine Ford, and the School Board violated the Plaintiffs' procedural due process rights. The undisputed main issue in this case as in the prior case was the appropriate placement of the Child, either continuing in a residential facility or being placed in a non-residential public school in the Lee County School District.

## II. Attorney's Fees Pursuant to the IDEA

Pursuant to the Individuals with Disabilities Act ("IDEA"), 20 U.S.C. 1400 *et seq*., "the court in its discretion, may award reasonable attorneys' fees as part of the costs to parents or guardian of a

---

[1] The Final Order is attached as an exhibit to the Complaint (Doc. 1).

child with a disability who is the prevailing party." 20 U.S.C. §1415(i)(3)(B)[2], and *Mitten v. Muscogee County School Dist.*, 877 F.2d 932, 935 (11th Cir. 1989).   It is undisputed that the Plaintiffs prevailed on the major issue of the placement of the Child in a residential facility, and did not prevail on the other issues raised in the case, including the claims not raised under the IDEA.

### III.  Law Applicable to Attorney's Fees

To determine the amount of attorney fees, the court must determine the reasonable number of hours expended on the litigation and multiply that amount by a reasonable hourly rate.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  The party requesting the fee should submit documentation in support of the request.  *Id*.  If the documentation in support of the request is inadequate, the court may reduce the award accordingly.  *Id*.  The burden is on the applicant for the fee award to establish an entitlement to the award of fees and the documentation of the appropriate hours, however, a court may determine the award from its own experience if there is a lack of documentation.  *Id*. at 437, *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).   The court must exclude hours that were not reasonably expended.  *Hensley v. Eckerhart*, 461 U.S. at 434.

First, the court must ascertain the hourly rate for the attorney's representation.  *Ducksorth v. Whisenant*, 97 F.3d 1393, 1393 (11th Cir. 1996).  "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experiences and reputation."  *Norman,* 836 F.2d at 1299.  The burden lies with the applicant to establish that the requested rate is in line with the prevailing market rates.  *Id*.

_____

[2]  The IDEA was amended in 2004, after the actions occurred in this case and after the request for a due process hearing.  The Court will cite to the pre-2004 version of the IDEA and regulations.

-4-

Second, the court must determine the reasonable hours expended by counsel. *Duckworth*, 97 F.3d at 1397. The attorney should exercise proper "billing judgment" and exclude those hours that would be unreasonable to bill a client or opposing counsel. *Id.* (citing *Norman*, 836 F.2d at 1301). A court should deduct excessive, unnecessary, and redundant hours and time spent on unsuccessful claims. *Id.* (citing *Norman*, 836 F.2d at 1301-2). The district court has discretion in determining the amount of attorney's fees to be awarded. *Natco Ltd. Partnership v. Moran Towing of Florida, Inc.*, 267 F.3d 1190, 1196 (11th Cir. 2001). In determining reasonable hours expended, the Court must consider the *Johnson* factors which are as follows: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir.[3] 1974), *see also*, *Dowdell v. City of Apopka, Florida*, 698 F.2d 1181, 1187, n. 8 (11th Cir. 1983).

## IV. Analysis as to Attorney's Fees

### A. Hourly Rate

The Defendants are requesting an hourly rate of $275.00 per hour. The School Board does not raise any opposition to the hourly rate. Based upon the Court's knowledge of the prevailing market

---

[3] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir., 1981) (*en banc*),the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

rate, and its knowledge of attorney Paul Liles' experience specifically in IDEA cases, the Court determines that an hourly rate of $275.00 is reasonable.

**B.  Number of Hours Expended**

Counsel for the Defendants expended 466 hours at an hourly rate of $275.00 for a total of $125,885.00.[4]   Counsel for the Defendants reviewed his billing records and reduced the amount of hours by 51.3 at an hourly rate of $275.00 for a total of $14,107.50, for the issues on which the Defendants did not prevail, and is requesting to recover the amount of $111,777.50 in attorney's fees. The School Board asserts that the Defendants did not prevail on many issues and that more than 51.3 hours should be deducted as they prevailed on only one issue.   The Court will review the factors in *Johnson*, *supra.*

Cases brought pursuant to the IDEA are time consuming.  The record review is very labor intensive as is the administrative proceedings.  The briefs are voluminous and citations to the record are difficult.  These cases are more fact intensive then legally difficult, however it takes a very skillful practitioner to support the legal claims with the facts from the child's educational record.  Mr. Liles is skillful in presenting IDEA cases before the administrative law judge as well as in federal court. There are not many practitioners in the Fort Myers area that will bring cases under the IDEA due to the amount of work involved as well as the amount of time each case takes through the administrative process and then through the court docket.  Due to the amount of labor involved, counsel could have been precluded from accepting other cases, although he did not assert this in his motion.  The fee of $275.00 per hour is reasonable and the time of 466 hours is also reasonable for this case. The parents

---

[4]  The Court multiplied 466 x 275 which equals $128,150.00 and not the amount of $125,885.00.  As the amount in the Motion is less, the Court will use the numbers provided by counsel for the Plaintiffs.

of a child bringing this type of litigation are attempting to have it resolved as soon as possible as it involves the education of their child. Mr. Liles has represented a number of parents and children in cases filed under the IDEA and he is therefore, experienced in the IDEA area. The IDEA cases are undesirable cases to take because the administrative process and the litigation may takes many years to complete. Mr. Liles had a lengthy relationship with these clients as this is the second case he brought on their behalf.

The issue that is most contentious is the amount of hours worked and the results obtained. After deducting for the amount of hours worked on the unsuccessful claims, counsel determined that he worked a total of 414.7 hours for a total of $111,777.50.[5]  In this case, the Court has reviewed the billing records provided and will use its discretion and its experience in this IDEA case and other IDEA cases to determine the appropriate amount of hours. The Court recognizes that the Defendants raised many issues and were successful on only one, that of the placement of the child. In this case, however, the placement of the child in a residential facility was of paramount importance and the other issues raised were not as crucial to the child's education. Also, all of the issues in this case were intertwined to determine the appropriate education for the child. Further, the court is aware of the ongoing dispute between the parties that started many years ago, prior to the first case that was filed in federal court. Mr. Liles is a vigorous advocate and was for his clients in this case. The Court determines that one-fourth of the time was spent on issues other than the placement of the Child, and that three-fourths of the time was spent on the issue of the placement of the child. The Court makes its determination based on its experience in IDEA cases, and its experience in this case. All of the IDEA issues were

---

[5]  Again when multiplying 414.7 x 275, the total is more than $111,777.50, however the Court will use the $111,777.50 as it is the lower amount.

interrelated to the issue of the placement of the Child and cannot be separated for billing purposes. Therefore, the Court determined that one-fourth of the time was spent on non-prevailing issues. Therefore the Court finds that 349.50 hours is a reasonable number of hours and awards 349.50 x 275 = $96,112.50 in attorneys fees to the Defendants.

### V. Prejudgment Interest

Counsel for the Defendants is requesting that the Court award prejudgment interest citing to *Bel-Bel Int's Corp. v. Community Bank of Homestead*, 162 F.3d 1101, 1110 (11th 1998); *Alvarado v. Rice*, 614 So.2d 498, 499 (Fla. 1993). The School Board argues that the Defendants are not entitled to pre-award interest on attorney's fees. First, the School Board argues it is a state agency, and therefore sovereign immunity precludes prejudgment interest unless waived. Second, prejudgment interest is an element of damages, however, under the IDEA an award of attorney's fees is considered part of costs not damages, and third, the School Board was not obligated to pay any fees until after it was determined that the Defendants were the prevailing party.

The School Board claims that sovereign immunity precludes an award of prejudgment interest. The Court found one case where a court did preclude prejudgment interest from being awarded in an IDEA case against a school district. *See, G. ex rel. Ssgt RG v. Fort Bragg Dependent Schools,* 324 F.3d 240, 256 (4th Cir. 2003). "A waiver of sovereign immunity does not permit an award of interest against the government unless that waiver expressly extends to interest. [citations omitted]. Congress has not waived the sovereign immunity of the United States with respect to awards of prejudgment interest in actions under the IDEA. No provision in § 2164, nor in any part of the IDEA, contains such an express waiver." *Id*. The Court then determined that there was no waiver of

sovereign immunity and therefore, did not award prejudgment interest. *Id*. However, in that case, the United States was the Defendant, whereas in the instant case, the Defendant is not a governmental agency of the United States. This Court found no cases which held that sovereign immunity or the "no-interest rule" applies to county school boards. *See, Library of Congress v. Shaw*, 478 U.S. 310 (1986). Therefore, sovereign immunity does not apply in this case.

The School Board argues that pursuant to the IDEA, attorney's fees are awarded as costs and not damages and therefore, interest is not applicable. In a concurrence, the Supreme Court found that prejudgment interest is an element of damages and not of costs, and that "'the "term 'costs' has *never* been understood to include any interest component.'" *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 291 (1989) (citing *Library of Congress v. Shaw*, 478 U.S. 310, 320-21 (1986)). This Court found no cases in which prejudgment interest was awarded as an element of costs. Therefore, the Court determines that the Defendants are not entitled to prejudgment interest as the award of attorneys fees is part of the costs.

### VI. Costs

The Defendants are requesting costs, other than attorney's fees, in the amount of $3,536.35. The School Board asserts that the costs have not been properly submitted as part of a Bill of Costs. Further the School Board argues that the costs are "scattered throughout the billing detail but not summarized by type." The Court agrees that is was difficult to determine the costs as they were not listed separately and had no documentation in support. However, the Court did decipher the costs. Congress has comprehensively regulated the taxation of costs in federal courts. *Crawford Fitting Co.*

*v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444 (1987). Absent statutory language to the contrary, courts are limited in taxing costs to those costs enumerated in 28 U.S.C. §1920. *Id.*

The IDEA provides that a court may award "costs" and attorney's fees are part of the costs, but does not specify what constitutes costs. 20 U.S.C. §1415(i)(3)(B). "This language simply adds reasonable attorney's fees to the list of recoverable costs set out in 28 U.S.C. §1920, the general statute covering taxation of costs which is strictly limited by §1821." *Arlington Central School District Board of Education v. Murphy*, 548 U.S. 291, 292 (2006). Therefore, the Court must look to §1920 to determine which costs are taxable.

Section 1920 provides the following list of taxable costs:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses and costs of special interpretation services under section 1828 of this title.

28 U.S.C. §1920.

Charges for postage are not specifically listed in §1920 and are not taxable costs. The Court will deduct the costs listed for postage and express mail. Also, §1920 does not provide for the reimbursement for the purchase of binders. Section 1920 does permit copies that are necessary for use in the case to be awarded as costs. The Court is aware that IDEA cases generate a great deal of paperwork which requires copies, and the Court will tax the copies listed in the billing records. The Court notes that on 12/22/05 and on 1/3/06 there is a charge for photocopies for 4694 copies which

-10-

appear to be duplicates, therefore, the Court will deduct one of these charges. The Court  recommends that the Defendants be awarded $2,525.31 as the cost for copies necessarily used in this case.

## VII.  Conclusion

The Court respectfully recommends that the Motion For Attorney's Fees and Costs (Doc. 62) be granted in part and denied in part and the Court award $96,112.50 for attorney's fees and $2,525.31 for costs, for a total award of $98,637.81.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this ___15th___ day of October, 2008.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record