UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SCHOOL BOARD OF LEE COUNTY, FLORIDA,

    Plaintiff,

vs.                          Case No. 2:06-cv-198-FtM-29DNF

E.S., individually and on behalf of
B.S., a minor,

    Defendants.

and

E.S., individually, and on behalf of
B.S., a minor,

    Third-Party Plaintiffs,

vs.

TERRY ANDREWS, individually, and
ELAINE FORD, individually,

    Third-Party Defendants.
_____

## OPINION AND ORDER

This matter is before the Court on consideration of the Magistrate Judge's Report and Recommendation (Doc. #71), filed October 15, 2008, recommending that the Motion for Attorney's Fees and Costs (Doc. #62) be granted in part and denied in part, and that $96,112.50 for attorney's fees and $2,525.31 for costs be awarded. On October 25, 2008, defendant filed Objections to Report and Recommendation (Doc. #72).

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify

the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ., 896 F.2d 507, 512 (11th Cir. 1990)(quoting H.R. 1609, 94th Cong. § 2 (1976)). Even in the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. Southern Ry., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994) (Table).

Defendant objects to the denial of prejudgment interest. The Magistrate Judge denied prejudgment interest because it is a component of damages and not costs, and attorney's fees are awarded "as part of the costs." After conducting an independent examination of the file, the legal conclusions of the Magistrate *de*

*novo*, as well as Missouri v. Jenkins by Agyei, 491 U.S. 274 (1989) and United States v. Aisenberg, 358 F.3d 1327 (11th Cir. 2004), the Court accepts the Report and Recommendation of the magistrate judge and overrules the objection. The Court finds that pre-judgment interest is not appropriate.

Accordingly, it is now

**ORDERED**:

1. The Report and Recommendation (Doc. #71) is hereby **accepted** and **adopted**.

2. Defendant E.S.'s Motion for Attorney's Fees and Costs (Doc. #62) is **GRANTED IN PART AND DENIED IN PART**. The Clerk shall enter judgment awarding E.S., on behalf of B.S., $96,112.50 for attorney's fees and $2,525.31 for costs for a total of $98,637.81.

**DONE AND ORDERED** at Fort Myers, Florida, this   3rd   day of November, 2008.

_____
JOHN E. STEELE
United States District Judge


Copies:
Hon. Douglas N. Frazier
United States Magistrate Judge

Counsel of Record
Unrepresented parties