UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SCHOOL BOARD OF LEE COUNTY, FLORIDA,

        Plaintiff,

vs.                         Case No. 2:06-cv-198-FtM-29DNF

E.S., individually and on behalf of
B.S., a minor,

        Defendants.

and

E.S., individually, and on behalf of
B.S., a minor,

        Third-Party Plaintiffs,

vs.

TERRY ANDREWS, individually, and
ELAINE FORD, individually,

        Third-Party Defendants.
_____

**OPINION AND ORDER**

    This matter is before the Court on consideration of the Magistrate Judge's Report and Recommendation (Doc. #71), filed October 15, 2008, recommending that the Motion for Attorney's Fees and Costs (Doc. #62) be granted in part and denied in part, and that $96,112.50 for attorney's fees and $2,525.31 for costs be awarded. On October 25, 2008, defendant filed Objections to Report and Recommendation (Doc. #72).

    After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify

the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ., 896 F.2d 507, 512 (11th Cir. 1990)(quoting H.R. 1609, 94th Cong. § 2 (1976)). Even in the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. Southern Ry., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994) (Table).

Defendant objects to the denial of prejudgment interest. The Magistrate Judge denied prejudgment interest because it is a component of damages and not costs, and attorney's fees are awarded "as part of the costs." After conducting an independent examination of the file, the legal conclusions of the Magistrate *de*

*novo*, as well as <u>Missouri v. Jenkins by Agyei</u>, 491 U.S. 274 (1989) and <u>United States v. Aisenberg</u>, 358 F.3d 1327 (11th Cir. 2004), the Court accepts the Report and Recommendation of the magistrate judge and overrules the objection. The Court finds that pre-judgment interest is not appropriate.

Accordingly, it is now

**ORDERED**:

1. The Report and Recommendation (Doc. #71) is hereby **accepted** and **adopted**.

2. Defendant E.S.'s Motion for Attorney's Fees and Costs (Doc. #62) is **GRANTED IN PART AND DENIED IN PART**. The Clerk shall enter judgment awarding E.S., on behalf of B.S., $96,112.50 for attorney's fees and $2,525.31 for costs for a total of $98,637.81.

**DONE AND ORDERED** at Fort Myers, Florida, this __3rd__ day of November, 2008.

                                         JOHN E. STEELE
                                         United States District Judge

Copies:
Hon. Douglas N. Frazier
United States Magistrate Judge

Counsel of Record
Unrepresented parties